SMITH, Plaintiff, v. PFEIFFER, Defendant.

Municipal Court, Akron.

No. 327789.  Decided February 20, 1957.

Holub & Holub, Akron, for plaintiff.
Seikel, Seikel & Vinopal, Akron, for defendant.

## OPINION

By ZOOK, J.

This cause is before the court on the motion of the General Motors Corporation for an order setting aside the service of summons made on it as the garnishee herein.

The defendant, Walter G. Pfeiffer, is a resident of the city of Akron and was properly served with summons. The General Motors Corporation maintains a place of business in Cuyahoga County designated as Chevrolet Motor Division, and was there served by the sheriff of Cuyahoga County with an order of attachment issued by the clerk of this court and forwarded to him for service. The Garnishee now contends that the Municipal Court of Akron does not have jurisdiction for the service of such an order and notice to a garnishee located in another county.

The statute creating the municipal court contains the following language:

"In any action or proceeding of which a municipal court has jurisdiction the court or any judge thereof has power (B) to issue any necessary order in any proceedings before and after judgment, for **attachment of person** or **property**, arrest, aid in execution * * * for which authority is conferred upon the courts of common pleas or a judge thereof, or upon justices of the peace."  Sec. 1901.13 R. C.

The statute further provides:

"In any civil case or **proceeding** if no special provision is made in §§1901.01 to 1901.38, inclusive, R. C., the **practice and procedure** shall be the same as in courts of common pleas."  Sec. 1901.21 R. C.

The statute further provides:

"In any civil action or proceeding at law in which * * * a defendant resides or is served within said territory, the court may issue summons

* * * all other writs, * * * including executions, necessary or proper for the complete adjudication of the issues and determination of the action, * * * to the sheriff of any other county against one or more of the remaining defendants." Sec. 1901.23 R. C.

It would appear from the foregoing that the Municipal Court has like power, within its jurisdictional limits, to issue writs to the sheriff of another county as has the Court of Common Pleas.

In Perma Construction Company v. William Ferguson, Opinion No. 3637, Ninth Judicial District, the court by inference held that a Court of Common Pleas has jurisdiction in and of execution proceeding to issue summons for service on garnishees residing in other counties. It would seem to follow that if summons in an aid of execution proceeding may be so served, a garnishment before judgment could equally well be maintained. It seems to be well settled therefore that a Court of Common Pleas has the jurisdiction which is attempted to be exercised in the present case by the Municipal Court of Akron.

By reason of the statute above quoted, this court is of the opinion that the Municipal Court has like jurisdiction with the Court of Common Pleas in the matter here at issue and therefore has the jurisdiction to have an order of attachment and notice to garnishee served on a garnishee in another county by the sheriff of that county. (See also Attorney General's Opinion No. 2491, April 14, 1953.)

The motion of the garnishee is overruled. Exceptions allowed.