**McELFRESH et, Plaintiff, v. MELOY, Defendant.**

Municipal Court, Ravenna.

No. 3212.   Decided October 6, 1957.

Stewart & Simons, Akron, for plaintiff Judgment Creditor.

## OPINION

By FRANCE, J.

On May 9, 1957, plaintiffs filed petition for money only, in the amount of $51.63. Summons was issued, returned service on defendant, and on May 28, 1957, judgment was taken against defendant by default.

On June 17, 1957, plaintiffs (judgment creditors) by their attorneys attempted to file affidavit and motion in proceedings in aid of execution, naming Jack and Heinz, Bedford, Ohio, as judgment debtor's debtor. On

the same day the affidavit and motion, together with proferred journal entry directing service on Jack and Heinz were returned to judgment creditors, unfiled, by the Clerk for the reason that the filings did not comply with Rule XIV of the Court:

"Wage Attachments—In all cases in which attachment of personal earnings of defendant is asked by way of provisional remedy, the Clerk shall not issue any writ of attachment or notice to garnishee unless it appears from the affidavit filed that the employer (garnishee) has a general or branch office within Portage County.

"No process in aid of execution against personal earnings shall issue unless

"1. Judgment debtor's debtor appears to have a general or branch office within the county in which the court has territorial jurisdiction and

"2. an execution has been returned unsatisfied or an affidavit is filed showing grounds of original attachment and a journal entry authorizing such proceeding is submitted to a Judge of the court for signature."

It is clear from the proceedings filed that Jack and Heinz, the judgment debtor's debtor, was to be served outside the limits of Portage County and in Cuyahoga County.

On June 25, 1957, the judgment creditor reproferred all papers with letter brief stating in substance that Rule XIV quoted above contravened §1901.13(B) R. C. Affidavit and motion were therefore received and filed and the Court finding that it had no jurisdiction to issue the requested process, ordered proceedings on the motion stayed, pending receipt by the Court of writ of procedendo. No such writ either alternative or final has been served upon the Court in the intervening time and attorneys for judgment debtor having requested disposition, the matter is now treated as one for final disposition for this Court.

The judgment creditor claims, in substance, that jurisdiction to issue extra territorial writs of attachment and in aid of execution is implied by the following sections of the Revised Code:

"In any action or proceeding of which a Municipal Court has jurisdiction the Court or any Judge thereof has power . . . (B) to issue any necessary order in any proceedings before and after judgment for attachment of person or property, arrest, aid in execution * * * for which authority is conferred upon the courts of Common Pleas or a Judge thereof, or upon Justices of the Peace." Sec. 1901.13 R. C.

"In any civil case or proceeding if no special provision is made in §§1901.01 to 1901.38, inclusive, R. C., the practice and procedure shall be the same as in Courts of Common Pleas." Sec. 1901.21 R. C.

"In any civil action or proceeding at law in which * * * a defendant resides or is served within said territory, the Court may issue summons * * * all other writs, * * * including executions, necessary or proper for the complete adjudication of the issues and determination of the action, * * * to the Sheriff of any other County against one or more of the remaining defendants." Sec. 1901.23 R. C.

The reasoning of Plaintiff (judgment creditor) is based on Smith v. Pfeiffer, 75 Abs 412, a decision of a Court of first instance, and there is some difficulty in following his reasonsing. The language of §1901.13

R. C., supra, is prefaced by the words "in any action or proceedings of which a Municipal Court has jurisdiction." Search must therefore be made outside the text of §1901.13 R. C., to determine if the Court otherwise has jurisdiction in the instant proceeding in aid of execution. Sec. 1901.19 R. C. provides:

"A Municipal Court has jurisdiction within the limits of the county or counties in which its territory is situated:

"(G) to issue and enforce an order in aid of execution."

This would seem a complete answer to judgment creditor's argument, for if a Municipal Court, being a statutory court is granted jurisdiction within its county to issue and enforce an order then there is an implicit denial of such jurisdiction beyond the same county boundary.

The second cited section, §1901.21 R. C. is not helpful to judgment creditor's position, since it refers not to jurisdiction, that is the power of the court to act, but to practice and procedure or the mode of exercise of that power. To quote a procedural section as one having any bearing on whether or not jurisdiction exists is not particularly persuasive.

The judgment creditor's contention is that §1901.23 R. C. gives the Court jurisdiction over an out of county defendant if the principal defendant can be served by the Court in its own county. This may well be admitted but the difficulty is that neither garnishee nor alleged judgment debtor's debtor are defendants in any sense of the word—Secor v. Witter, 39 Oh St 218. Ohio Loan & Discount Co. v. Sieman, 142 Oh St 384. It is also to be noted that service on remaining defendants is authorized upon those "necessary or proper for the complete adjudication of the issues and determination of the action." In this case the action so far as it concerns Willard M. Meloy, the defendant, has been completely adjudicated and the issues fully determined and the Journal Entry entering judgment filed in this Court on the 28th day of May, 1957, has not been questioned in any way. Therefore no service is necessary for the determination of those issues and Willard M. Meloy is not a defendant but a judgment debtor; this action is not a part of the original case, but a proceeding ancillary to it. Therefore the provisions of §1901.23 R. C. have no application.

It would appear furthermore, that any apparent conflict between the provisions of §1901.19 (G) and §1901.13 R. C., must, under the reasoning of Gibson v. Summers Const. Co., 163 Oh St 220, be resolved in favor of §1901.19 R. C., the special statute, as against the provisions of §1901.13 R. C., a general statute. Where power is especially conferred in limited fashion, it is improper to rely on implications of a general statute to enlarge such power. Gibson v. Summers Const. Co. supra.

If however the intention of the legislature to deny extra territorial jurisdiction in aids of execution was in doubt prior to 1957, the recent enactment of amended House Bill 616, has removed all such doubt by amending §2329.02 R. C. to permit collection of judgments of one municipal court by transferring proceedings to another.

Previous to the enactment of this amendment to §2329.02 R. C., the practice among certain municipal courts had been to issue aids of execution to other counties, using resident referees therein on a fee basis, to

344

hear the matter. This practice ever since 1955 and the abolishing of fees for Justice of the Peace has remained the solitary remnant of the notorious "justice for a fee" system in Ohio. With the passage of the quoted amendment any argument on the practical need for extra-territorial collection practices in municipal courts has been effectively silenced, just as its legal basis was effectively silenced by enactment of §1901.19 (G) R. C.

Journal entry dismissing aid proceedings for want of jurisdiction will be filed by the Court granting exception to the judgment creditor.